**UNITED STATES of America, Plaintiff,**

v.

**Edgar JIMENEZ, Defendant.**

**No. 85 CR 764.**

United States District Court,
N.D. Illinois, E.D.

Feb. 18, 1986.

Thomas Scorza, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Stephen Golembe, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND DETENTION ORDER

DUFF, District Judge.

This matter comes before the court on the motion of the defendant Edgar Jimenez to revoke the pretrial detention order entered on December 3, 1985 in Miami, Florida, by United States Magistrate Charlene H. Sorrentino. Defendant claims that the order was untimely and therefore invalid under the Bail Reform Act of 1984, 18 U.S.C. § 3142(f), which provides as follows:

> The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the

person may not exceed five days, and a continuance on motion of the Government may not exceed three days.

The complaint, which was filed in this court on November 28, 1985, charged that defendant conspired to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. Defendant made his first appearance in the United States District Court for the Southern District of Florida on November 29, 1985.

■ At the initial appearance, the government requested that the detention hearing be continued for three days. Later in the same hearing, the newly appointed attorney for Jimenez requested that a pretrial detention hearing be held within three working days. The hearing was in fact held on December 3, 1985, within three working days and four actual days after the defendant's first appearance. On that date, Magistrate Sorrentino issued a detention order which included her written findings that Jimenez had no ties to the United States and that "the serious nature of the charges in the indictment and the defendant's ties to Venezuela establish a serious risk that he will flee."

This court finds that the defendant received a timely detention hearing in Miami. It appears that early in the initial hearing, Magistrate Sorrentino was inclined to respond to the government's request by allowing an extention of three working days rather than three actual days. This inclination did not ripen into error, however, as the defendant subsequently requested a delay of three working days. The detention hearing was held within the five days allowed for a defendant's continuance and therefore satisfied the requirements of § 3142(f). See *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985).

■ The court finds that the Miami detention hearing satisfied the requirements of § 3142(f), but nonetheless the court proceeded with a *de novo* hearing to determine whether there were conditions which would assure the appearance of Jimenez at trial pursuant to § 3142(e). In *United States v.* *Hurtado*, 779 F.2d 1467 (11th Cir.1985), the court stated that, in considering the pretrial detention, the district court could not simply ratify the findings of the magistrate. Under *Hurtado*, the district court must make an independent review of the evidence and enter its own written findings pursuant to § 3142(i).

■ By agreement, the attorneys presented evidence on the issue of detention by proffer. Accepting evidence by live testimony or by proffer is within the discretion of the court. *United States v. Delker*, 757 F.2d 1390, 1396 (3d Cir.1985). The evidence established the following:

1. Jimenez is a citizen of Venezuela and has traveled between the United States and Venezuela on numerous occasions. Evidence from United States Customs records indicates that on one of those occasions Jimenez may have entered this country illegally.

2. Jimenez has been married for four years and has one child who was born in the United States. Mrs. Jimenez was living in Venezuela and came to the United States when her husband was arrested. She subsequently returned to Venezuela because, according to her proffered testimony, it was easier for her to make a living there.

3. The government proffered statements by Jimenez after his arrest and in conversations intercepted by government agents. These indicate that Jimenez knowingly transported a large quantity of cocaine from Miami to Chicago.

4. If convicted, Jimenez faces a maximum sentence of 20 years in prison.

5. Section 3142(e) provides that probable cause to believe that the defendant has violated the Controlled Substances Act 21 U.S.C. § 801 et seq. creates a rebuttable presumption that no conditions exist which will assure the appearance of the defendant. There is clearly probable cause here to believe that Jimenez violated 21 U.S.C. §§ 841 and 846. Jimenez has not provided sufficient evidence to rebut the presumption of flight that stems from such a

charge. *See United States v. Diaz*, 777 F.2d 1236 (7th Cir.1985).

On the basis of these facts and those contained in the record of the proceedings before Magistrate Sorrentino which are incorporated herein, this court finds that no condition or combination of conditions will reasonably assure the appearance of Jimenez. Pursuant to 18 U.S.C. § 3142(i), the court orders that Edgar Jimenez be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The court directs that Jimenez be afforded reasonable opportunity for consultation with his counsel. The Attorney General is further directed, upon order of the court or on request of an attorney for the Government, to deliver Jimenez to a United States marshal for the purpose of appearance in connection with a proceedings.